**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Brett B. Goodman** (SBN 260899)
213.375.3543 | bgoodman@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Allied Interstate LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA FRANCO,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIED INTERSTATE LLC,<br><br>Defendant. | Case No.: 2:14-cv-08041-AB-FFM<br><br>**DEFENDANT ALLIED INTERSTATE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: July 25, 2014 |

Defendant Allied Interstate LLC ("Defendant") hereby answers Plaintiff Deanna Franco's Complaint ("Complaint") as follows:

## I. INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to allege violations of the Rosenthal Fair Debt Collection Practices Act and the Fair Debt Collection Practices Act. Defendant denies violating these statutes.

## II. PARTIES

2. Answering Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them. Further, the allegations consist of legal conclusions to which no response is required.

3. Answering Paragraph 3 of the Complaint, the allegations consist of legal conclusions to which no response is required. As a further response, Defendant denies these allegations to the extent they misstate the law.

## III. FACTUAL ALLEGATIONS

4. Answering Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

5. Answering Paragraph 5 of the Complaint, erroneously identified as Paragraph 6, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

6. Answering Paragraph 6 of the Complaint, erroneously identified as Paragraph 7, Defendant denies these allegations.

7. Answering Paragraph 7 of the Complaint, erroneously identified as Paragraph 8, Defendant denies these allegations.

8. Answering Paragraph 8 of the Complaint, erroneously identified as Paragraph 9, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

9. Answering Paragraph 9 of the Complaint, erroneously identified as Paragraph 10, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

10. Answering Paragraph 10 of the Complaint, erroneously identified as Paragraph 11, Defendant denies these allegations.

11. Answering Paragraph 11 of the Complaint, erroneously identified as Paragraph 12, Defendant denies these allegations.

12. Answering Paragraph 12 of the Complaint, erroneously identified as Paragraph 13, Defendant states only that the correspondence dated January 6, 2014 speaks for itself.

13. Answering Paragraph 13 of the Complaint, erroneously identified as Paragraph 14, Defendant denies these allegations.

14. Answering Paragraph 14 of the Complaint, erroneously identified as Paragraph 15, Defendant denies these allegations.

15. Answering Paragraph 15 of the Complaint, erroneously identified as Paragraph 16, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

16. Answering Paragraph 16 of the Complaint, erroneously identified as Paragraph 18, Defendant denies these allegations.

17. Answering Paragraph 17 of the Complaint, erroneously identified as Paragraph 19, Defendant denies these allegations.

/ / /

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18. Answering Paragraph 18 of the Complaint, erroneously identified as Paragraph 20, Defendant incorporates by reference its responses to the previous paragraphs as though fully set forth herein.

19. Answering Paragraph 19 of the Complaint, erroneously identified as Paragraph 21, Defendant denies these allegations.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

20. Answering Paragraph 20 of the Complaint, erroneously identified as Paragraph 22, Defendant incorporates by reference its responses to the previous paragraphs as though fully set forth herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

23. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her alleged damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

25. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

**SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

**SEVENTH AFFIRMATIVE DEFENSE**

27. Defendant's conduct was privileged or justified.

**EIGHTH AFFIRMATIVE DEFENSE**

28. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

**NINETH AFFIRMATIVE DEFENSE**

29. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

**TENTH AFFIRMATIVE DEFENSE**

30. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

**ELEVENTH AFFIRMATIVE DEFENSE**

31. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

**TWELFTH AFFIRMATIVE DEFENSE**

32. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

33. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

**FOURTEENTH AFFIRMATIVE DEFENSE**

34. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

35. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

36. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to their own actionable segment of fault, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

37. Plaintiff's claims may be barred because Defendant, within 15 days of either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, made adjustments or corrections necessary to cure the violation with respect to Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

38. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend its Answer and assert such defenses.

/ / /

/ / /

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

DATED: November 21, 2014.

> YU MOHANDESI LLP
>
> By  */s/ Brett B. Goodman*
> B. Ben Mohandesi
> Jordan S. Yu
> Brett B. Goodman
> Attorneys for Defendant
> Allied Interstate LLC

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury in this action.

DATED: November 21, 2014.

> YU MOHANDESI LLP
>
> By  */s/ Brett B. Goodman*
> B. Ben Mohandesi
> Jordan S. Yu
> Brett B. Goodman
> Attorneys for Defendant
> Allied Interstate LLC

# CERTIFICATE OF SERVICE

I certify that on November 21, 2014, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below. Parties may access this filing through the Court's system.

DATED: November 21, 2014.

        YU MOHANDESI LLP

By   */s/ Brett B. Goodman*
    Brett B. Goodman
    Attorneys for Defendant
    Allied Interstate LLC